IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA ASSOCIATION OF
PROFESSIONAL FIREFIGHTERS,
a California non-profit mutual benefit
association,

   Plaintiff,      No. CIV S-08-2570 WBS EFB

 vs.

DONALD R. JONES,

   Defendant.     FINDINGS AND RECOMMENDATIONS

_____/

   On May 20, 2009, this court submitted for decision on the papers plaintiff's motion for default judgment, filed April 13, 2009.[1] Dckt. Nos. 13, 16. Plaintiff California Association of Professional Firefighters is represented by attorneys Louis A. Gonzalez, Jr., and Darrin M. Menezes, with the law firm of Weintraub, Genshlea, and Chediak. There has been no appearance by defendant Donald R Jones, or on his behalf.

   Upon review of the motion and supporting documents, and good cause appearing, the court makes the following findings and recommendations.

////

---

[1] This case was referred to the undersigned pursuant to Local Rule 72-302(c)(19) and 28 U.S.C. § 636(b)(1).

## BACKGROUND

This action, filed October 28, 2008, arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* The court's jurisdiction is premised on 29 U.S.C. § 1132, and 28 U.S.C. § 1331.

A certificate of service, filed February 24, 2009, demonstrates timely personal service of the summons and complaint upon defendant Donald R. Jones, at his home in Inglewood, California, on February 23, 2009. Dckt. No. 6.

On March 27, 2009, at plaintiff's request, the Clerk of Court entered defendant's default. Dckt. Nos. 10, 9. Plaintiff's request for entry of default was supported by an affidavit prepared by plaintiff's counsel, Mr. Menezes, who stated therein that defendant "has not filed or served a response to the Complaint. Furthermore, Mr. Jones has not contacted me or anyone at this firm." Dckt. No. 9-2, at p. 2. Although not required, *see* Fed. R. Civ. P. 5(a)(2) ("[n]o service is required on a party who is in default for failing to appear"), plaintiff served defendant by mail, on March 24, 2009, its request for entry of default and supporting affidavit. Dckt. Nos. 9, at p. 2; and No. 9-2, at p. 5.

Plaintiff filed the instant motion for default judgment on April 13, 2009. Dckt. No. 13. Plaintiff served the motion, and supporting documents and declarations, on defendant by mail on the same date. Dckt. Nos. 13, at p. 3; No. 13-2, at p. 3; No. 13-2, at p. 11; No. 13-4, at p. 7.

Defendant has not appeared in this action or otherwise communicated with the court.

## DISCUSSION

Process has been served upon defendant, who has not appeared in this action, and personal jurisdiction has been established. *See Pacific Atlantic Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction).

////

////

Entry of default pursuant to Fed. R. Civ. P. 55(a) effects defendant's admission of the well-pled factual allegations of the complaint, except those relating to the amount of damages. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation–other than one relating to the amount of damages– is admitted if a responsive pleading is required and the allegation is not denied"); *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977), *Anderson v. Air West*, 542 F.2d 1090, 1093 (9th Cir. 1976).

The court finds that the complaint states the following claims for which relief can be granted:

1. Plaintiff California Association of Professional Firefighters (hereafter "CAPF") is a California non-profit mutual benefit association established as a voluntary employee beneficiary association. CAPF is the sponsor of a Long-Term Disability Plan (hereafter "Plan"), which is available to members of participating fire departments, including the Los Angeles City Firefighters, UFLAC Local 112. The Plan is administered in the County of Amador, California, which is within this judicial district. *See* 29 U.S.C. § 1132 (e)(2) (action may be brought in the district where the plan is administered). CAPF is exempt from taxation under Section 501, subdivision (c)(9), of the Internal Revenue Code. Compl., at ¶¶ 2, 4; *see generally*, Decl. of Jim Floyd, a director of the CAPF Plan Administrator, Dckt. No. 13-4.

2. Defendant Donald R. Jones is an individual and, at all relevant times, was a member of Los Angeles City Firefighters, UFLAC Local 112. Defendant currently resides at 3672 W. Chapman Lane, Inglewood, CA 90305-2347. Compl., at ¶ 3.

3. Benefits under the Plan are not provided if similar benefits are available from other sources, or the member is eligible for such similar benefits, such as pension benefits, workers' compensation awards, or temporary disability benefits. CAPF requires repayment of the amount of such other benefits that may have been received by a member, or for which a member is eligible. CAPF does not provide benefits to a member who has waived or forfeited entitlement to other similar benefits. Compl., at ¶¶ 5, 6.

4. On January 6, 1994, defendant agreed to abide by the terms of the Plan when he executed his application for group membership. Compl., at ¶ 7.

5. On August 11, 2003, defendant filed a claim for disability benefits under the Plan, pursuant to which he attested that his disability began September 19, 2002, and he had not worked in any capacity since. Compl., at ¶ 9.

6. On September 2, 2003, defendant executed an Obligations and Benefit Election form before a notary public, whereby he elected to receive unreduced benefit payments from the Plan, and agreed to immediately reimburse the Plan for any amounts therein construed as "Benefits From Other Sources." Compl., at ¶ 10; Exh. A; Mot. for Dflt. J., Exh. 3.

7. From September 2003 through September 2004, CAPF, through the Plan, provided defendant with long-term disability benefits in the total amount of $36,327.00. Compl., at ¶ 11.

8. In March 2005, defendant obtained, from the Los Angeles Fire and Police Pension System, a retroactive industrial disability retirement date of May 2003, at a percentage of his pre-disability wages, and thereby received retroactive benefits of $18,588.00, and under the terms of the Plan, resulted in defendant being overpaid under the Plan by that same amount. Compl., at ¶¶ 12, 13, 14.

9. On July 30, 2006, defendant informed CAPF of his retroactive industrial disability retirement date, and receipt of retroactive benefits. Compl., at ¶ 14.

10. On August 2, 2006, CAPF demanded that defendant repay the Plan for its overpayment of benefits. Compl., at ¶ 15.

11. On August 16, 2006, defendant acknowledged to CAPF his debt. Compl., at ¶ 16.

12. On July 12, 2007, CAPF again demanded that defendant repay the Plan for its overpayment of benefits. Compl., at ¶ 17. Defendant has not yet reimbursed the Plan. *Id.*

13. CAPF now seeks restitution in the amount of $18,588.00, plus $1861.66 costs, and $5947.65 attorney fees. Compl., at ¶ 21, and Prayer for Relief; Mot. for Dflt. J., at p. 2; Reply (Dckt. No. 15), at p. 2; Menezes Decl., at ¶ 10.

Based on the foregoing, and plaintiff's memorandum of points and authorities and affidavits filed in support of the motion for default judgment, the court finds that plaintiff is entitled to the relief requested. There are no policy considerations that preclude the entry of default judgment of the type requested. *See Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986). Accordingly, the court will recommend judgment in the total amount of $26,397.31.

CONCLUSION

In view of the foregoing findings, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment against defendant Donald R. Jones, be GRANTED; and

2. Judgment be entered in the amount of $26,397.31.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 8, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE